IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CIVIL ACTION NO.: 5:22-cv-00051

| | |
|---|---|
| TIVERTON ADVISORS, LLC, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) |
| AGRIFRUIT, LLC; BOB JONES RANCH, INC.; BOBALU, LLC; ROBERT B. JONES FAMILY LIMITED PARTNERSHIP; WEST COAST BERRY FARMS, LLC; AGRIFROST, LLC; ROBERT B. JONES, individually; and RICHARD C. JONES, individually. | ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

COMPLAINT

Plaintiff is an agribusiness lender who entered into an agreement with Defendants setting forth the parties' rights and obligations related to a financing transaction between the parties. Defendants breached that agreement by disclosing Tiverton's confidential information to a competing lender, using Tiverton's confidential information as leverage to negotiate a competing transaction during the exclusivity period, refusing to reimburse Tiverton for the expenses incurred in trying to close the transaction, and refusing to pay the contractual "breakup fee" when Defendants elected to pursue the alternative financing transaction—all in breach of the agreement. Therefore, Plaintiff complains of Defendants and alleges and says:

1. Plaintiff Tiverton Advisors, LLC ("Tiverton") is a North Carolina limited liability company with its principal office in Raleigh, North Carolina. All of Tiverton's members are residents of North Carolina.

2. Defendant AgriFruit, LLC ("AgriFruit") is a California limited liability company.

1

3. Defendant Bob Jones Ranch, Inc. is a California corporation with its principal office in California.

4. Defendant Bobalu, LLC ("Bobalu") is a California limited liability company.

5. Defendant Robert B. Jones Family Limited Partnership, also known as Jones Family Limited Partnership, is a California limited partnership.

6. Defendant West Coast Berry Farms, LLC ("West Coast Berry") is a California limited liability company.

7. Defendant Agrifrost, LLC ("Agrifrost") is a California limited liability company.

8. Defendant Robert B. Jones, individually, is a resident of California.

9. Defendant Richard C. Jones, individually, is a resident of California.

10. Upon information and belief Robert B. Jones and Richard C. Jones are the only members of AgriFruit, Bobalu, West Coast Berry, and Agrifrost.

11. Upon information and belief, all partners of Robert B. Jones Family Limited Partnership are citizens of California.

12. Jurisdiction in this court is proper pursuant to 28 U.S.C. § 1332.

13. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(2).

**AgriFruit Seeks to Refinance its Debt**

14. Tiverton is a company that focuses on investing in agribusiness to provide long-term, value-oriented capital through loans and growth equity capital to agribusinesses across the country.

15. Defendants AgriFruit, LLC, Bob Jones Ranch, Inc., Bobalu, LLC, Robert B. Jones Family Limited Partnership, West Coast Berry Farms, LLC, Agrifrost, LLC, Robert B. Jones,

individually, and Richard C. Jones, individually, (collectively, "AgriFruit") are affiliated or related entities and their owners and managers grow, package, and ship strawberries.

16. Prior to 2019, AgriFruit borrowed money from Pacific Premier Bank ("Pacific") for working capital and other business-related needs. That transaction was amended in 2019.

17. In 2020, AgriFruit sought to refinance the Pacific loans with Tiverton because its principals indicated it was having issues in its current lending relationship with Pacific. In connection with this effort, Tiverton and AgriFruit, LLC and its subsidiaries and affiliated companies executed a Confidentiality Agreement regarding the exchange and disclosure of confidential information. A true and correct copy of the Confidentiality Agreement is attached hereto as Exhibit A. Tiverton and AgriFruit did not consummate a financing transaction deal in 2020.

18. AgriFruit's principals indicated to Tiverton that the relationship between AgriFruit and Pacific had been souring since 2019. AgriFruit repeatedly expressed that it was unsatisfied with its relationship with Pacific.

19. AgriFruit's principals indicated to Tiverton that AgriFruit was required to sign a forbearance agreement in November 2020 on the Pacific loan, which increased AgriFruit's interest expense payment and extended the maturity date.

20. AgriFruit's principals indicated to Tiverton that AgriFruit's note with Pacific was set to mature on or about September 15, 2021, thereby requiring AgriFruit to either refinance or payoff the note by that date.

21. AgriFruit's principals indicated to Tiverton that since 2020 AgriFruit had been seeking credit facilities from other lenders and banks to refinance the Pacific debt but their efforts were unsuccessful.

22. Upon information and belief, AgriFruit had been negotiating with Pacific to refinance the debt or enter into a new credit facility in 2020 prior to agreeing to the Binding Terms, as defined below, with Tiverton.

23. Upon information and belief, AgriFruit was unable to reach agreeable terms with Pacific to refinance the debt or enter into a new credit facility.

**Tiverton and AgriFruit Agree to Terms**

24. In July 2021, AgriFruit sought to reengage Tiverton to refinance AgriFruit's Pacific loans and provide working capital through a $29 million credit facility. Specifically, Tiverton sought to provide a loan to refinance AgriFruit's existing creditors and provide working capital for AgriFruit's business needs.

25. On or about August 5, 2021, Tiverton delivered to AgriFruit a commitment letter which contained the high-level terms of the proposed financing transaction.

26. Also on August 5, 2021, Tiverton delivered to AgriFruit a set of binding terms governing the parties' rights and obligations during the transaction process (the "Binding Terms"). Tiverton and AgriFruit discussed the Binding Terms on August 5, 2021.

27. On August 9, 2021, Tiverton delivered a revised commitment letter to AgriFruit reflecting AgriFruit's requested changes to the financing transaction terms (the "Transaction"). The Binding Terms did not change between the August 5, 2021 and August 9, 2021 agreements.

28. On August 10, 2021, each named defendant executed the commitment letter and Binding Terms. A true and correct copy of the executed commitment letter and Binding Terms is attached hereto as Exhibit B.

29. Between August 10, 2021 and September 20, 2021, Tiverton and AgriFruit engaged in the due diligence process to close the Transaction.

30. During the due diligence process, Tiverton expended significant resources and expenses to close the Transaction. In August 2021 alone, Tiverton expended over 500 hours of work to close the Transaction.

31. Tiverton also incurred expenses for legal services, title work, travel, and other expenses related to evaluating and closing the Transaction.

**AgriFruit Uses Tiverton's Terms as Leverage to Get Financing from Pacific**

32. Tiverton was prepared to close and fund the Transaction upon finalizing the necessary due diligence and paperwork.

33. However, AgriFruit used the terms and existence of the Transaction as leverage to obtain more desirable financing terms from Pacific in violation of the Binding Terms.

34. Upon information and belief, prior to August 2021, AgriFruit had not been able to reach an agreement with Pacific regarding refinancing the Pacific debt or entering into a new credit facility.

35. Between August 10, 2021 and August 16, 2021, AgriFruit disclosed to Pacific that it was negotiating and working to close the Transaction with Tiverton and that AgriFruit had executed a term sheet with Tiverton.

36. Between August 10, 2021 and September 2, 2021, AgriFruit engaged in discussions with Pacific about a financing transaction similar to and for the same purposes as the Transaction.

37. On or about September 2, 2021, AgriFruit received a term sheet from Pacific for a financing transaction similar to and for the same purposes as the Transaction.

38. Upon information and belief, between September 2, 2021 and September 16, 2021, AgriFruit continued to negotiate the term sheet with Pacific.

39. On September 20, 2021, AgriFruit terminated the Transaction with Tiverton. A true and correct copy of the termination notice is attached as Exhibit C.

**AgriFruit Breaches the Confidentiality Provision**

40. Paragraph 2 of the Binding Terms requires AgriFruit to maintain the confidentiality of certain confidential and proprietary information of Tiverton ("Confidential Information").

41. The Binding Terms also incorporate by reference the terms of the Confidentiality Agreement executed by AgriFruit in 2020.

42. The commitment letter, including its terms and conditions, the existence of the commitment letter, and the contemplated Transaction are expressly defined Confidential Information in the Binding Terms.

43. Between August 10, 2021 and September 20, 2021, AgriFruit disclosed Confidential Information to Pacific by discussing the existence and terms of the Transaction.

44. AgriFruit improperly benefitted from the use of Tiverton's Confidential Information by using it to obtain more desirable financing terms from Pacific.

45. The Transaction was not consummated because AgriFruit obtained more desirable financing terms from Pacific by disclosing Tiverton's Confidential Information in violation of the Binding Terms.

46. Tiverton was damaged by AgriFruit's disclosure of Confidential Information where AgriFruit used the Confidential Information to negotiate financing terms with Pacific which it would not have otherwise obtained without the disclosure.

**AgriFruit Breaches the Exclusivity Provision**

47. In consideration for the expense, time and effort undertaken by Tiverton to evaluate the Transaction, Paragraph 3 of the Binding Terms requires AgriFruit and its principals and

6

directors to (1) cease all discussions with any other party regarding financing or related activity of any assets associated with the Transaction; and (2) not approach or negotiate with, or enter into an agreement with, any other party regarding the Transaction or any related transaction for a set period of time.

48. The purpose of this provision, among other reasons, is to prevent a potential borrower from using Tiverton's financing transaction terms as leverage to obtain financing from another lender at Tiverton's expense.

49. This exclusivity provision applied from August 10, 2021 (the date the letter was executed) to the date AgriFruit terminated the agreement or the Transaction is consummated (the "Exclusivity Period").

50. Upon AgriFruit's written termination of the agreement on September 20, 2021, the Exclusivity Period automatically extended an additional 30 days, to October 20, 2021.

51. AgriFruit breached the exclusivity provision by discussing and negotiating with Pacific a financing transaction similar to and for the same purpose as the Transaction between August 10, 2021 and October 20, 2021.

52. The Transaction was not consummated because AgriFruit obtained more desirable financing terms from Pacific by breaching the exclusivity provision in violation of the Binding Terms.

53. Tiverton was damaged by AgriFruit's breach of the exclusivity provision where AgriFruit used Confidential Information to negotiate financing terms with Pacific which it would not have otherwise obtained without the disclosure.

**AgriFruit Breaches the Transaction Expenses & Reimbursement Provision**

54.     Paragraph 4 of the Binding Terms requires AgriFruit and its principals pay for any and all transaction expenses incurred by Tiverton up to $50,000.

55.     The Binding Terms requires AgriFruit to reimburse Tiverton for the transaction expenses within ten (10) days of being presented with an invoice for the expenses.

56.     On September 20, 2021, AgriFruit, again, agreed to reimburse Tiverton for expenses advanced to close the Transaction.

57.     On December 2, 2021 Tiverton sent AgriFruit an invoice for transaction expenses actually incurred in excess of $50,000.

58.     As of the date of this filing, AgriFruit has not reimbursed Tiverton for any amount of transaction expenses.

**AgriFruit Breaches the Creditor Resolution Fee Provision**

59.     Paragraph 5 of the Binding Terms imposes a creditor resolution fee, or "breakup fee" to be paid by AgriFruit to Tiverton in the event the transaction is not consummated because AgriFruit pursues or engages in an alternative transaction for the twelve (12) months following the Exclusivity Period (the "Tail Period").

60.     According to the Binding Terms, if during the Tail Period AgriFruit evaluates or pursues or receives an offer or indication of interest, or any related notice, from any party, including but not limited to affiliated, related, or third parties, to provide financing for or structure a transaction similar to the transaction proposed by Tiverton (an "Alternative Transaction"), AgriFruit is required to immediately notify Tiverton in writing and provide documentation concerning the Alternative Transaction.

61. Once that notice is provided, AgriFruit is required to allow Tiverton to match the terms of the Alternative Transaction.

62. If Tiverton matches the terms of the Alternative Transaction, AgriFruit is required to pursue the matching transaction with Tiverton and cease any and all discussions with other parties regarding the Alternative Transaction.

63. If Tiverton does not match the Alternative Transaction terms, AgriFruit is required to pay to Tiverton 2% of the aggregate Alternative Transaction value (the "Breakup Fee"). The Breakup Fee is due to Tiverton upon consummation of the Alternative Transaction.

64. AgriFruit is required to promptly notify Tiverton of the consummation and relevant terms of the Alternative Transaction.

65. AgriFruit negotiated an Alternative Transaction with Pacific prior to and following termination of its agreement with Tiverton.

66. On or about October 2, 2021, and October 5, 2021, AgriFruit notified Tiverton of the terms of the Alternative Transaction it negotiated with Pacific.

67. In total, the Pacific Alternative Transaction provided AgriFruit roughly $33 million in financing.

68. Tiverton did not match Pacific's Alternative Transaction.

69. On or about November 19, 2021, AgriFruit notified Tiverton that it was pursuing other financing solutions and it ceased discussions with Tiverton regarding the Transaction.

70. AgriFruit has not provided Tiverton with the date or final terms of the consummated Pacific Alternative Transaction.

71. Upon information and belief, AgriFruit consummated the Pacific Alternative Transaction after November 19, 2021.

72. AgriFruit has not paid the contractual Breakup Fee.

**FIRST CAUSE OF ACTION**
**(Breach of Contract—Confidentiality and Exclusivity Provisions)**

73. The allegations of Paragraphs 1-72 set forth above are adopted and incorporated herein by reference.

74. On August 10, 2021, Tiverton and AgriFruit entered into an agreement regarding their rights and obligations related to a proposed financing transaction.

75. AgriFruit breached the Binding Terms, as set forth above, by disclosing Confidential Information to Pacific.

76. AgriFruit breached the Binding Terms, as set forth above, seeking, discussing, and negotiating a financing transaction with Pacific during the Exclusivity Period.

77. AgriFruit's breaches of the Binding Terms caused Tiverton damages.

78. Tiverton was damaged by AgriFruit's disclosure of Confidential Information and breach of the exclusivity provision.

79. Tiverton is entitled to damages in an amount to be proven at trial of the monetary difference in the amount Pacific was entitled to receive under the terms offered by Pacific prior to AgriFruit entering into negotiations with Tiverton and the amount Pacific is entitled to receive under the terms of the Alternative Transaction.

80. Alternatively, Tiverton is entitled to damages in an amount to be proven at trial of the monetary difference between what Tiverton would have received if the Transaction had been consummated and the amount Pacific is entitled to receive under the terms of the Alternative Transaction.

## SECOND CAUSE OF ACTION
### (Breach of Contract—Reimbursement Provision)

81. The allegations of Paragraphs 1-80 set forth above are adopted and incorporated herein by reference.

82. On August 10, 2021, Tiverton and AgriFruit entered into an agreement regarding their rights and obligations related to a proposed financing transaction.

83. AgriFruit breached the Binding Terms, as set forth above, by failing to reimburse Tiverton for the invoiced expenses related to closing the Transaction.

84. AgriFruit's breach of the Binding Terms caused Tiverton damages.

85. Tiverton was damaged by AgriFruit's breach of the Reimbursement Fee provision and AgriFruit is liable to Tiverton for reimbursement of Tiverton's expenses related to closing the Transaction.

## THIRD CAUSE OF ACTION
### (Breach of Contract—Creditor Resolution Fee Provision)

86. The allegations of Paragraphs 1-80 set forth above are adopted and incorporated herein by reference.

87. On August 10, 2021, Tiverton and AgriFruit entered into an agreement regarding their rights and obligations related to a proposed financing transaction.

88. AgriFruit breached the Binding Terms, as set forth above, by failing to pay Tiverton the Breakup Fee upon consummation of the Alternative Transaction with Pacific.

89. AgriFruit's breaches of the Binding Terms caused Tiverton damages.

90. Tiverton was damaged by AgriFruit's breach of the Creditor Resolution Fee Provision in an amount to be proven at trial and AgriFruit is liable for damages consisting of 2% of the consummated Alternative Transaction.

WHEREFORE, Plaintiff Tiverton Advisors, LLC prays to the Court that:

1. Plaintiff have and recover damages from Defendants' breaches in an amount to be proven at trial exceeding $75,000.

2. A trial by jury on all issues so triable.

3. Plaintiff have and recover the costs of this action, to be taxed by the Clerk.

4. For such other and further relief as the Court may deem just and proper.

This, the 1st day of February, 2022.

                        WILLIAMS MULLEN

                        /s/ Wes J. Camden
                        Wes J. Camden
                        NC State Bar No. 33190
                        Lauren E. Fussell
                        NC State Bar No. 49215
                        301 Fayetteville Street, Suite 1700 (27601)
                        PO Box 1000
                        Raleigh, NC 27602
                        Telephone: (919) 981-4000
                        Facsimile: (919) 981-4300
                        wcamden@williamsmullen.com
                        lfussell@williamsmullen.com
                        *Attorneys for Plaintiff*